FILED
2005 Feb-01 PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| RYAN STEVEN PENDERGRAFT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-PWG-2552-NE |
| | ) |
| MARTHA JORDAN, Warden, | ) |
| | ) |
| Respondents. | ) |

<u>         </u> MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

On February 1, 2001, Ryan Steven Pendergraft, petitioner, was convicted in the United States District Court for the Northern District of Georgia, after a guilty plea of conspiracy to commit mortgage fraud (18 U.S.C. § 371) and bank fraud (18 U.S.C. § § 1344 and 2).  Petitioner was sentenced to concurrent sentences of 60 months for conspiracy and 96 months for bank fraud.  Petitioner's appeal was denied on July 11, 2002.  Petitioner alleges in his petition that "a previous § 2255 was denied on March 12, 2003."  Neither petitioner nor respondents have informed the court whether petitioner appealed from the denial of his § 2255.

Petitioner alleges that his sentence was enhanced eight levels for various enhancements that were neither charged in the information nor admitted in the plea agreement.  Petitioner attempts to engage in a game of semantics by arguing that he is not challenging his sentence but rather the EXECUTION of his sentence with the eight levels of enhancement.  Petitioner further argues that the remedy under 28 U.S.C. § 2255 is ineffective and inadequate because the *Blakely* claim raised here was not previously available to him on direct appeal or under § 2255 because <u>Blakely</u> was not decided until June 24, 2004.  He states

> Before *Blakely*, § 2255 was not previously the approved road for Petitioner to travel in order to

> challenge his 6th Amendment Rights being violated because federal court did not have the current understanding of the enhancements. Wherefore, petitioner has established his right to the exception which justify using the alternative rout of 28 U.S.C. § 2241.

Petitioner seeks recalculation of the time remaining for him to serve and immediate release.

An Order to Show Cause was entered which required respondents to appear and show cause why the relief requested by petitioner should not be granted. Respondent has filed an Answer and exhibits. The Court entered an Order advising petitioner that respondent's Answer would be considered as a motion for summary judgment. The Order afforded petitioner an opportunity to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

Respondent argues that petitioner's § 2241 petition should be construed as a § 2255. The court agrees. In *Medberry v. Crosby*, 351 F.3d 1049, 1056-57 (11th Cir. 2003), cert. denied, ___ U.S. ___, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004), the Eleventh Circuit Court of Appeals examined the relationship of 2241 and 2255:

> In Section 2255, Congress provided a new statutory motion by which federal prisoners could seek post-conviction relief, separate and apart from an application for a writ of habeas corpus. *See* Act of June 25, 1948, ch. 646, § 2255 ¶ 1, 62 Stat. 967 (codified as amended at 28 U.S.C. § 2255) ("A prisoner in custody under sentence of a court of the United States claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *see also Wofford v. Scott*, 177 F.3d 1236, 1239-42 (11th Cir. 1999) (discussing legislative history of § 2255). Prior to the enactment of § 2255, federal prisoners petitioned for writs of habeas corpus in the district where they were detained, which frequently was different from the

district where they had been tried, convicted, and sentenced. This created significant procedural problems for federal courts. *See United States v. Hayman*, 342 U.S. 205, 212-14, 72 S.Ct. 263, 268-69, 96 L.Ed. 232 (1952); *Wofford*, 177 F.3d at 1239. The new motion under § 2255 alleviated many of these procedural difficulties by directing prisoners to file the motion in the court where they were convicted and before the judge who sentenced them, though without "any purpose to impinge upon prisoners' rights of collateral attack upon their convictions." *Hayman*, 342 U.S. at 219, 72 S.Ct. at 272. The § 2255 motion, however, was *not* a petition for a writ of habeas corpus. *See id.* at 220, 72 S.Ct. at 273; *see also* H.R.Rep. No. 80-308, at 1908 (1947) ("This section restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis. It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus."). [footnote omitted].

Section 2255 also included exclusivity language that renders the writ of habeas corpus (authorized by § 2241) unavailable to most federal prisoners seeking to challenge their convictions or sentences.

> An application for a writ of habeas corpus [under § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion [under § 2255], to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 ¶ 5. Although the exact purpose of this language is unclear, *see Wofford*, 177 F.3d at 1238-42, it is evident that this clause integrated the new § 2255 remedy with the traditional writ of habeas corpus. The purpose of the § 2255 motion was to replace, in certain situations, the application for a writ

3

>of habeas corpus–which in the case of federal prisoners posed significant administrative problems–with a similar but different remedy. If Congress had not simultaneously limited the availability of the writ of habeas corpus to federal prisoners when it authorized the new § 2255 motion, § 2255 would have failed to solve the problem posed by federal prisoners petitioning for writs of habeas corpus in districts other than those in which they had been convicted. At the same time, the last clause of the § 2255 provision quoted above avoided any serious question about whether the replacement of the writ of habeas corpus for a federal prisoner with the new § 2255 caused an unconstitutional suspension of the writ. *See Swain v. Pressley*, 430 U.S. 372, 381, 97 S.Ct. 1224, 1229-30, 51 L.Ed.2d 411 (1977); *Hayman*, 342 U.S. at 223, 72 S.Ct. at 274.

The court concluded that "when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." 351 F.3d at 1061.

In *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), the Eleventh Circuit Court of Appeals specifically held that a habeas petitioner cannot use § 2241 to circumvent the § 2255 restriction on second or successive § 2255 motions. The court explained that the savings clause of § 2255 applies when:

>1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise would have been raised in the petitioner's trial, appeal, first § 2255 motion.

177 F.3d at 1244.

The significance of the savings clause of § 2255 being applicable is that once the savings clause of § 2255 applies, the petitioner may be eligible to file a § 2241 petition rather than a § 2255

motion. Here, the magistrate judge concludes that the savings clause of § 2255 does NOT apply; therefore, petitioner is not eligible to file a § 2241 petition.

In *United States v. Booker*, ____ U.S. ____, 125 S.Ct. 738 (2005) the United States Supreme Court held in the context of the Federal Sentencing Guidelines:

> [W]e reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

The *Booker* court further held that its holding applied "to all cases on direct review." The rule announced first in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) (decided June 26, 2000), which was followed in *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531 (2004) (decided June 24, 2004), and again in *Booker* (decided January 12, 2005) has not been expressly declared by the Supreme Court to be retroactive to cases on collateral review. In *In re Anderson*, ____ F.3d. ____, 2005 W.L. 123923 (11th Cir. 2005), the Eleventh Circuit Court of Appeals explained why *Booker* should not be applied retroactively to cases on collateral review:

> For a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion or 28 U.S.C. § 2254 petition, the Supreme Court itself must make the rule retroactive. *Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001); *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000). ... When the Supreme Court makes a rule retroactive for collateral review purposes, it does so unequivocally, in the form of a holding. *See Tyler*, 533 U.S. at 663, 121 S.Ct. at 2482. Thus, the Court does not does not [sic] make a rule retroactive through *dictum* or through multiple holdings, unless those holdings "necessarily dictate retroactivity of the new rule." *Id*. at 663 n.4, 666, 121 S.Ct. at 2482 n.4, 2484.

>Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of § § 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ____, 2005 WL 50108 at 29 (opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. In addition to the fact that the Supreme Court has not held that *Booker* is retroactive to cases on collateral review, we previously have held that the Supreme Court has not made *Blakely* retroactive to cases on collateral review for purposes of the rules governing the filing of successive habeas actions. *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004). Indeed, as we noted in *Dean*, the Supreme Court has indicated the very opposite:
>
>>The Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely*, the Court also issued its decision in *Schriro v. Summerlin*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin*, 124 S.Ct. at 2526 .... Because *Blakely*, like *Ring*, is based on an extension of *Apprendi*, Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review. Accordingly, Dean's proposed claim fails to satisfy the statutory criteria. 28 U.S.C. § 2255.
>
>*Id*. It follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, Anderson

>                     cannot show that the Supreme Court has made that
>                     decision retroactive to cases already *final* on direct
>                     review.

Despite petitioner's attempt to call this a § 2241 petition, it is clearly a § 2255 petition which should have been raised in the United States District Court for the Northern District of Georgia. It is unnecessary for this court to transfer this case to the United States District Court for the Northern District of Georgia since it is clearly a second or successive petition within the meaning of 28 U.S.C. § 2255 and, as such, must be certified by the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255 which has clearly not been done, depriving this court (and the United States District Court for the Northern District of Georgia) of jurisdiction. *Hill v. Harper* 112 F.3d 1088, 1089 (11th Cir.), *cert. denied,* 520 U.S. 1203 (1997); *Farris v. United States*, 333 F.3d 1211 (11th Cir. 2003).

Based on the foregoing the magistrate judge RECOMMENDS that the petition be DISMISSED as a second or successive petition over which this court has no jurisdiction. Alternatively, the magistrate judge RECOMMENDS that the § 2255 motion be DENIED as *Booker* and *Blakely* are not to be applied retroactively to a case on collateral review. In light of the findings and recommendation, petitioner's "Reconsideration Motion release under Bail/Bond" (doc. #11) is DENIED.

Petitioner may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the clerk. Failure to file written objections to the proposed findings and recommendations contained in this findings and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed

findings and recommendation to which objection is made and the specific basis for objection.  <u>IT IS NOT NECESSARY FOR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS.  AS TO THE FACTS, IF PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.</u>  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

As to the foregoing it is SO ORDERED this the 1st day of February, 2005.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE